IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

UNITED STATES OF AMERICA

v.                                                           NO. 2:24-CR-094-Z

ADRIEN JOCKEEL EVANS

## FACTUAL RESUME

In support of Adrien Jockeel Evans's plea of guilty to the offense in Count Two of the indictment, Evans, the defendant, Benjamin D. Doyle, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count Two of the indictment, charging a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8), that is, Convicted Felon in Possession of a Firearm, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.*     That the defendant knowingly possessed a firearm as charged in the indictment;

*Second.*    That before the defendant possessed the firearm, the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year;

*Third.*     That the defendant knew he had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year; and

---

[1] Fifth Circuit Pattern Jury Instruction 2.43D (5th Cir. 2024 ed.).

**Adrien Jockeel Evans**
**Factual Resume—Page 1**

*Fourth.*   That the firearm possessed traveled in interstate or foreign commerce; that is, before the defendant possessed the firearm, it had traveled at some time from one state to another or between any part of the United States and any other country.

## STIPULATED FACTS

1. Adrien Jockeel Evans, defendant, admits and agrees that on or about May 13, 2024, in the Amarillo Division of the Northern District of Texas, and elsewhere, he was a person who had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, and he did knowingly possess in or affecting interstate or foreign commerce, a firearm, to wit, a Glock, model 26, 9mm caliber pistol, serial number BGXL343, knowing he had been previously convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of Title 18, United States Code Sections 922(g)(1) and 924(a)(8).

2. On May 13, 2024, Amarillo Police Department officers learned that a vehicle associated with Adrien Jockeel Evans was in Amarillo, Texas. At approximately 12:40 p.m., an officer located the vehicle parked in front of 823 S. Tennessee Street, which is an address known to be associated with Evans. An APD Sergeant observed a black make exit the residence and get into the right front passenger seat of the vehicle. Officers observed that the driver of the vehicle failed to signal intent from the parked position and drove on the wrong side of the roadway. Officers were aware that Evans had an outstanding arrest warrant out of Potter County for No Driver's License.

3. An officer conducted a traffic stop of the vehicle on Georgia Street. The vehicle pulled into the Panda Express parking lot on Georgia Street. An officer

approached the female driver and ordered her to exit the vehicle. Evans was identified as the right front passenger of the vehicle. Officers approached Evans and told him to step out of the vehicle. After Evans exited the vehicle, an officer observed a pistol on the floorboard where Evans had been sitting.

4.   An officer conducted an interview with Evans. The officer read Evans his *Miranda* warnings. Evans waived his rights and agreed to make a statement. During the interview, Evans admitted that he had been staying at the Tennessee residence for a couple of months. When asked about the firearm, Evans initially denied ownership of it, although he admitted that his DNA and fingerprints would be on the firearm. Evans later stated that he carries a gun for protection and admitted that he recently bought the firearm he had on May 13, 2024. Evans admitted that the gun belonged to him. Evans further admitted that he was a convicted felon.

5.   Before Evans possessed the above-described firearm, he had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year, that is, a felony offense, and he knew he had been convicted of a felony offense. Specifically, on March 29, 2016, the defendant was convicted of the felony offense of Robbery in the 47th District Court in Randall County, Texas, in cause number 22931A.

6.   Evans admits that the firearm functioned as designed and, therefore, was or could readily have been put in operating condition. Further, Evans admits that the firearm was not manufactured in the State of Texas. The Glock, model 26, 9mm caliber pistol, serial number BGXL343, was manufactured in Austria. Because the firearm was found in Texas on May 13, 2024, it must have traveled in or affected interstate or foreign

commerce; that is, before the defendant possessed the firearm, it had traveled at some time between any part of the United States or a foreign country.

7. The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count Two of the indictment.

8. The defendant further admits and agrees that he possessed the above-described firearm in violation of 18 U.S.C. § 922(g)(1) and it is, therefore, subject to forfeiture, pursuant to 18 U.S.C. § 924(d), including any additional ammunition, magazines, or accessories recovered with the firearm.

AGREED TO AND STIPULATED on this 26th day of June, 2025.

NANCY E. LARSON
ACTING UNITED STATES ATTORNEY

_____
Adrien Jockeel Evans
Defendant

_____
ANNA MARIE BELL
Assistant United States Attorney
New Mexico State Bar Number 12501
300 South Taylor Street, Suite 300
Amarillo, Texas 79101-2446
Tel: 806-324-2356
Fax: 806-324-2399
Email: anna.bell@usdoj.gov

_____
Benjamin D. Doyle
Attorney for Defendant